### APPEAL OF MECHANICS REALTY CO., INC., AND MECHANICS REALTY CO. OF PENNSYLVANIA.

Docket No. 2351.  Submitted May 29, 1925.  Decided June 26, 1925.

*Ferdinand Tannenbaum, Esq.*, for the taxpayers.
*B. G. Simpich, Esq.*, for the Commissioner.

Before JAMES, LITTLETON, and TRUSSELL.

This is an appeal from the determination of a deficiency in income and profits taxes for the year 1919, in an amount of $4,674.94.

### FINDINGS OF FACT.

The Mechanics Realty Co., Inc., is a New York corporation, and the Mechanics Realty Co., of Pennsylvania, is a Pennsylvania corporation. The principal office of both companies is in Philadelphia, Pa. During the taxable year here in question the companies above mentioned were affiliated corporations.

The capital stock of the above companies was, during the taxable years, $6,000 each, divided into 60 shares of $100 par value, and was owned in equal parts by Henry Feldman, Maurice N. Sufrin, and Maurice Dain, who were, respectively, president and treasurer, secretary, and vice president of both companies, and constituted their boards of directors.

In or about July, 1919, the taxpayers acquired approximately 100 acres of land in or around Lonsdale, Pa., a suburb of Philadelphia,

and divided the said property into approximately 1,800 lots, which they then proceeded to develop and sell. During the year they sold about 1,450 lots of the above total amount for a gross sale price of $124,393.45. The three officers of the taxpayers above mentioned were experienced real-estate operators accustomed to earn, and who had earned prior to the year here in question, annual incomes in excess of $10,000 from commissions on the sale of real estate. During the year they devoted themselves exclusively to the operation of the taxpayer companies as executive officers, managers, and also as salesmen. The ordinary commissions paid to real-estate salesmen in connection with operations of the kind here in question were about 35 per cent of the gross selling price, and commissions of that amount were actually paid by the taxpayer company to salesmen employed by them during the taxable year.

Salary was credited to each of the above-mentioned officers in the amount of $8,400 for the year 1919, of which $6,900 was drawn during the year. The accounts of the taxpayers were kept and the returns made upon the accrual basis. In their income-tax return the taxpayers claimed as a deduction a total amount of $25,200 so credited, and the return filed by them after such deductions showed net income of $3,710.50. The Commissioner in auditing the return of the taxpayers disallowed as unreasonable $3,400 of the compensation of each of the said officers in a total amount of $10,200, added the said sum to income and determined the deficiency above mentioned. Not all of the above deficiency is in issue.

DECISION.

The deficiency should be computed by allowing $25,200 as compensation to officers during the taxable year. Final determination will be settled on 10 days' notice, under Rule 50.